**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **OVERWELL HARVEST LIMITED,** | ) | |
| **a British Virgin Islands company,** | ) | |
| **individually and derivatively on behalf of** | ) | |
| **NEURENSIC, INC.,** | ) | |
| | ) | **Civil Action No. 1:17-cv-06086** |
| *Plaintiff,* | ) | |
| | ) | **Hon. Sara L. Ellis** |
| **v.** | ) | |
| | ) | |
| **DAVID WIDERHORN, PAUL GIEDRAITIS,** | ) | |
| **and TRADING TECHNOLOGIES** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT PAUL GIEDRAITIS' RULE 12(b)(1) MOTION TO DISMISS
PLAINTIFFS' ACTION FOR WANT OF SUBJECT MATTER JURISDICTION**

Defendant, **PAUL GIEDRAITIS** ("Giedraitis" or "Defendant"), an Illinois citizen, by and through his attorneys, PERL & GOODSNYDER, LTD., respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Amended Complaint ("Complaint") filed by the Plaintiff, **OVERWELL HARVEST LIMITED**, a British Virgin Islands company ("OHL" or "Plaintiffs") individually and derivatively on behalf of **NEURENSIC, INC**., a Delaware corporation with its principal place of business in Illinois ("Neurensic"), for want of subject matter jurisdiction pursuant to Rules 8 and 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 1332, as Plaintiffs have not and cannot establish this Honorable Court has subject matter jurisdiction over the parties or the causes of action alleged in the Amended Complaint. In support thereof, Giedraitis states as follows:

## I. THE PROCEDURAL HISTORY AND THE ALLEGATIONS IN OHL'S AMENDED COMPLAINT DEMONSTRATE THAT THIS HONORABLE COURT LACKS SUBJECT MATTER JURISDICTION OVER OHL'S ACTION.

### A. Procedural History of the Case.

On August 22, 2017, Plaintiff filed its Verified Complaint for Emergency Injunctive Relief ("Complaint") initiating this case and seeking a declaratory judgment (Claim No. 1) and a preliminary and permanent injunctive relief (Claim No. 2), but no monetary damages. (Doc. 1.) On or about March 13, 2018, Plaintiff filed its redacted Amended Complaint against Widerhorn and Giedraitis for purported breach of fiduciary duty related to the sale of Neurensic's assets to Trading Technologies. (Doc. 42.) At the time the Plaintiff filed its Amended Complaint Giedraitis was *pro se*. On April 10, 2018, this Honorable Court granted Giedraitis leave to file an Answer or to otherwise plead by June 15, 2018. (Doc. 44.) On June 11, 2018, Defendant's counsels filed their substitute appearances on behalf of Giedraitis. (Doc. 48-50.) On June 26, 2018, this Honorable Court granted Defendant's motion for extension of time to answer or otherwise plead by July 26, 2018. (Doc. 58.) On June 26, 2018, this Honorable Court granted Plaintiff's motion to file its (Second) Amended Complaint adding Trading Technologies International, Inc. ("Trading Technology"), as an additional defendant herein. (Doc. 58.) On June 29, 2018, Plaintiff filed its three count (Second) Amended Complaint. (Doc. 61.) On July 25, 2018, this Honorable Court granted the Defendants until August 24, 2018, to answer or otherwise plead to the (Second) Amended Complaint. (Doc. 68.) On August 31, 2018, Giedraitis filed his Memorandum of Law in Support of Defendant's Rule 12(b)(6) Motion to Dismiss the Amended Complaint and Rule 12(b)(6) Motion to Dismiss (collectively "Motion to Dismiss"). (Doc. 76 and 77.) On September 5, 2018, this Honorable Court granted Giedraitis' motion for extension of time to file his Motion to Dismiss. (Doc. 79.) On October 8, 2018, OHL filed its Response to Giedraitis' Motion to Dismiss. (Doc. 85.) On November 9, 2018, Giedraitis filed his Reply in Support of his Motion to Dismiss. (Doc. 91.)

**B.** **In the January 31, 2019 Opinion and Order this Honorable Court Expressly Found that the Plaintiffs have Sustained No Actual Damages.**

On January 31, 2019, this Honorable Court filed its Opinion and Order (Doc. 93) ("Opinion"), which ruled on both Defendants' respective motions to dismiss and supporting memoranda of law brought pursuant to Rule 12(b)(6) (Doc. 69-70 and 76-77). In its Opinion, this Honorable Court expressly held that the Plaintiff cannot allege it suffered any <u>actual</u> damages because at the time of the sale of Neurensic's assets to Trading Technologies, Neurensic had approximately $3.5 million in trade debt (Amended Complaint at ¶ 37) (Doc. 61), satisfaction of which would necessarily consume all of the proceeds from an asset sale before Neurensic's shareholders, including OHL, could receive any monetary distribution. (Doc. 93 at 15.) As a result, this Honorable Court found in the Opinion that if OHL were to ultimately prove that Giedraitis breached his fiduciary duty to OHL in the process of selling Neurensic's assets to Trading Technologies in October of 2017, a contention that Giedraitis adamantly denies, OHL would nonetheless be entitled only to nominal damages, rather than compensatory damages.

In its Opinion, this Honorable Court concluded that determined that OHL's derivative action against Giedraitis for his purported breach of fiduciary was governed by Delaware corporate law. (Doc. 93 at P. 10.) The Court went on to distinguished Count II of the Amended Complaint against Trading Technology, which sought to allege a cause of action against Trading Technology for purportedly aiding and abetting a breach of fiduciary duty, which under Delaware law requires actual damages, from Count I of the Amended Complaint against Giedraitis, which sought to allege a cause of action against Giedraitis for purportedly breaching his fiduciary duty to OHL, as a Neurensic shareholder, in the process of selling Neurensic's assets.

3

In its Opinion, this Honorable Court held *inter alia* that under Delaware law nominal damages may be sufficient to plead a cause of action for breach of fiduciary duty. In the Opinion, the Court held in pertinent part as follows:

> Looking to Giedraitis' arguments regarding damages, he argues that Overwell cannot allege that the sale to Trading Technologies damaged it as a shareholder. However, while Illinois law requires plaintiffs to prove their damages in order to successfully establish a claim for breach of contract, Delaware law contains no such requirement. *Compare Kagan v. Waldheim Cemetery Co.*, 53 N.E.3d 259, 266, 2016 IL App (1st) 131274, 403 Ill. Dec. 205 (2016), with *Beard Research*, 8 A. 3d at 601. Giedraitis argues that, even under Delaware law plaintiffs must establish damages to recover for breach of fiduciary duty, but the cases that he cites stand for the opposite. In *Basho Technologies Holdco B., LLC v. Georgetown Basho Investors, LLC*, the court did note that "a plaintiff will not be awarded a meaningful remedy without additional showings that parallel the other elements of a traditional common law tort claim." No 11802-VCL, 2018 WL 3326693, at *24 (Del. Ch. July 6, 2018). But the *Basho* court goes on to state that "[a] court may award nominal damages if a breach existed but does not warrant a meaningful remedy." *Id.; see also Ravenswood Inv. Co. v. Estate of Winmill*, No. 3730-VCS, 2018 WL 1410860, at *25 (Del. Ch. March 21, 2018) (finding nominal damages appropriate where plaintiff failed to prove damages). In light of this, Giedraitis' damages argument is unpersuasive.

(Doc. 93 at P. 10.)

However, in the Opinion, the Court went on to hold in pertinent part as follows:

> Trading Technologies also contends that Overwell has not sufficiently pleaded that it was damaged as a result of the conduct. Here, Overwell pleads itself out Court. Overwell states that Neurensic had approximately $3.5 million worth of debt, Doc. 61 ¶ 37, and the only two offers (including one from Overwell itself) contained cash components of $400,000, *id* ¶¶ 64, 67. <u>Trading Technologies argues that Overwell's own complaint establishes that it did not suffer any damages, as Neurensic could not have received an offer that exceeded its liabilities and so the shareholders would not have recovered value</u>. Overwell does not directly respond to this argument, merely stating that the breach "deprived [Overwell] of the opportunity to competitively bid for Neurensic's assets, which would have resulted in a high offer and thus greater value for

Neurensic and its stockholders." Doc, 81 at 10.  <u>But Overwell would have had to increase its offer by more than eight times in order to derive any value for the shareholders.</u>  A complaint must be facially plausible to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.  <u>The Court does not find Overwell's claim for damages plausible here; the numbers simply do not align.</u>  And Overwell's argument that there is no heightened pleading standard for damages misses the point; in order to succeed on its claim for aiding and abetting breach of fiduciary duty, it must allege some damages,  It has not plausibly done so here, and so the Court grants Trading Technologies' Motion to dismiss.

(Doc. 93 at P. 15.) (Emphasis added.)

## II.    FEDERAL COURTS SITTING IN DIVERSITY JURISDICTION LACK SUBJECT MATTER JURISDICTION UNLESS THE AMOUNT IN CONTRIVERSY EXCEEDS $75,000.

In the (Second) Amended Complaint filed on June 29, 2018, OHL alleges that it is a British Virgin Island company, Defendants Widerhorn and Giedraitis are citizens of Illinois, while Defendant Trading Technology International, Inc. and derivative Plaintiff Neurensic, Inc. are <u>both</u> Delaware corporations.  (Doc. 61 at ¶¶ 1, 10-13.)  Inexplicitly, other than expressly acknowledging in the Amended Complaint that "Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this district" (Doc. 61 at ¶ 15), OHL makes no reference in the Amended Complaint to the fact that Neurensic had its principal place of business in Chicago, Illinois.  However, OHL then alleges that this Honorable Court has "original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states."  (Doc. 61 at ¶ 14.)

28 U.S.C.A. § 1332 provides in pertinent part as follows:

(a)  The  district  courts  shall  have  original  jurisdiction  of  all  civil
actions where the matter in controversy *exceeds the sum or value of*
*$75,000,* exclusive of interest and costs, and is between —

(1) citizens of different States;

\* \* \*

(b)  Except when express provision therefor is otherwise made in a
statute of the United States, where the plaintiff who files the case
originally in the Federal courts is finally adjudged to be entitled to
recover less than the sum or value of $75,000, computed without
regard to any setoff or counterclaim to which the defendant may be
adjudged  to  be  entitled,  and  exclusive  of  interest  and  costs,  the
district court may deny costs to the plaintiff and, in addition, may
impose costs on the plaintiff.

(c)  For the purposes of this section and section 1441 of this title—

(1)  a corporation shall be deemed to be a citizen of every State and
foreign state by which it has been incorporated and of the State or
foreign state where it has its principal place of business, \* \* \* \*

28 U.S.C.A. § 1332. (Emphasis added.)

For the reasons that follow, it is clear that the Plaintiff has not and cannot establish that

*the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.*

*Id.*  While the failure to meet this threshold matter in controversy standard alone mandates the

dismissal of the Plaintiffs' action for lack of subject matter jurisdiction, the absence of complete

diversity provides an independent basis for dismissal.  As discussed in greater detail below, as

(1) Neurensic and Trading Technologies are both Delaware corporations, and (2) Neurensic has

its principal place of business in Illinois where Giedraitis is also a citizen of Illinois, there is not

complete diversity of citizenship, as is required by § 1332(c)(1) mandating dismissal of the

action for lack of subject matter jurisdiction.  *Id.*

6

A.    **This Honorable Court is Required to Determine Whether the Court Has Subject Matter Jurisdiction over the Case.**

"A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.* See also, *Rowell v. Franconia Minerals Corp.,* 706 F. Supp.2d 891, 892-3, 896 (N.D. IL 2010) (district court lacked subject matter jurisdiction over Canadian citizen's suit against Canadian corporation due to a lack of complete diversity of citizenship between the parties). Accordingly, pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), for the reasons set forth herein Giedraitis is challenging the purported subject matter jurisdiction of this Honorable Court over Plaintiffs' pending action.

OHL cites diversity jurisdiction as the basis for filing this case in federal court. (Doc. 61 at ¶ 14.) The case is in federal court exclusive based upon the purported existence of diversity jurisdiction. However, despite the Plaintiffs' conclusory allegations, this Honorable Court lacks subject matter jurisdiction over parties or the case. As a preliminary analysis, based upon this Honorable Court's findings in the Opinion (Doc. 93), discussed in greater detail above, the Plaintiffs are unable to even allege to have suffered actual damages. As such, the Plaintiffs are unable to establish the amount in controversy exceeds the threshold jurisdictional minimum of $75,000.00 as expressly required by § 1332(a). If at <u>any time</u> this Honorable Court determines that it <u>lacks subject matter jurisdiction</u> over the case, the Court <u>must</u> to dismiss the case. Fed. R. Civ. P. 12(b)(1). For the reasons that follow, this Honorable Court should dismiss this case for want of subject matter jurisdiction.

      **B.**      **Plaintiffs Bear the Burden of Proving the Facts Necessary to Establish that this Honorable Court has Proper Subject Matter Jurisdiction Over this Case.**

OHL chose to file the case at bar in federal court. Giedraitis challenges whether this Honorable Court has subject matter jurisdiction over the case where (1) there is no federal question at issue, (2) where there is not complete diversity between the Plaintiffs and the Defendants, and (3) where the amount in controversy does not exceed $75,000. When the plaintiff files in federal court, the plaintiff has the burden of showing that the federal court has jurisdiction over its claim. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F. 3d 536 (7th Circ. 2006). "A proponent of federal jurisdiction must, if material factual allegations [relating to the amount in controversy] are contested, prove those jurisdictional facts by a preponderance of the evidence." *Id.* at 543. OHL cannot meet this burden of proof because it can do no more than "simply point to the theoretical possibility of recovery for certain categories of damages." *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 (7th Cir.2009) (circuit court found the district court lacked subject matter jurisdiction over suit filed by plaintiffs in federal court for personal injuries sustained in an elevator accident for failure to meet their burden of proof to establish threshold amount in controversy to invoke court's diversity jurisdiction .)

A case should be dismissed for want of subject matter jurisdiction where the plaintiff fails to support its alleged damages with specific facts or evidence that plausibly entitles the plaintiff to relief. *Scott v. Bender*, 948 F. Supp. 2d 859, 866 (N.D. IL 2013). "To satisfy the amount in controversy requirement, the plaintiff 'must come forward with competent proof that [he has] satisfied the jurisdictional threshold and not simply point to the theoretical possibility of recovery for certain categories of damages.'" (Internal citation omitted.) *Davis v. LeClair Ryan, P.C.*, 363 Fed. Appx. 395, 396-7 (7th Cir. 2010) (circuit court affirmed district court's dismissal for want of subject matter jurisdiction of suit filed by plaintiff in federal court for

legal malpractice, breach of fiduciary duty, breach of contract and intentional infliction of emotional distress invoking diversity jurisdiction.)  Therefore, for the reasons that follow, the case at bar should be dismissed for want of subject matter jurisdiction as the case does not meet the requirements of diversity jurisdiction.

**C.      OHL's Potential Recovery Against Giedraitis is Limited to Nominal Damages and Therefore OHL Cannot Meet the $75,000 Matter in Controversy Requirement for Diversity Jurisdiction.**

As this Honorable Court has previously found that OHL has not suffered any actual damages from the sale of Neurensic's assets to Trading Technologies (Doc. 93 at P. 15), the only potential damages, if any, that Plaintiff may be entitled to are nominal damages. Therefore, even assuming *arguendo* that Giedraitis could ultimately be found liable for nominal damages, OHL nonetheless fails to meet the threshold requirement of in excess of $75,000 in controversy required in order to satisfy federal court diversity jurisdiction pursuant to §1332 of the . As a result, the case at bar must be dismissed for lack of subject matter jurisdiction to proceed in federal court.

Under Delaware law, nominal damages are not considered the compensatory damages suffered by the party, but rather "merely in recognition of a technical injury and by way of declaring the rights of the plaintiff: <u>nominal damages are</u> <u>usually assessed in a trivial amount</u>, selected simply for the purpose of declaring an infraction of the plaintiff's rights and the commission of a wrong." *Enzo Life Sciences, Inc. v. Adipogen Corporation*, 82 F. Supp. 3d 568 (2015) (emphasis added). There are instances in which loss is caused but recovery for that loss is precluded because it cannot be proved with reasonable certainty.  In these instances the purportedly injured party may nevertheless obtain a judgment for nominal damages, a small sum usually fixed by judicial practice in the jurisdiction in which the action is brought. *Ivize of*

*Milwaukee, LLC v. Compex Litig. Support*, LLC, No. 3158, 2009 WF 11111179, at \*12 (Del. Ch. Apr. 27, 2009).

Delaware courts have held that, "even if compensatory damages cannot be or have not been demonstrated, the breach of a contractual obligation often warrants an award of nominal damages." *Enzo Life Sciences, Inc. v. Adipogen Corporation*, 82 F. Supp. 3d 568 (2015) citing *Ivize of Milwaukee, LLC v. Compex Litig. Support*, LLC, No. 3158, 2009 WF 11111179, at \*12 (Del. Ch. Apr. 27, 2009). While Delaware courts have under appropriate circumstances permitted an award of nominal damages in the absence of actual damages, the amount of nominal damages are not to be excessive. Accordingly, nominal damages are not given as an equivalent for the wrong, but rather merely in recognition of a technical injury and by way of declaring the rights of the plaintiff. *Ivize of Milwaukee, Ltd. Liab. Co. v. Compex Litig. Support, Ltd. Liab. Co.,* Nos. 3158-VCL, 3406-VCL, 2009 Del. Ch. LEXIS 55, at \*1 (Ch. Apr. 27, 2009). "Nominal damages are usually assessed in a trivial amount, selected simply for the purpose of declaring an infraction of the plaintiff's rights and the commission of a wrong." *Id.*

In *Enzo Life Sciences, Inc*, the plaintiff was not able to establish that it suffered any damages as a result of the breach. The court therefore granted nominal damages in the amount of one dollar against two of the defendants, and ten dollars against the third defendant, Dr. Chappuis. The Court indicated that it granted the relatively greater amount of $10 against Dr. Chappuis because he had played a more dominate role in all the activities at issues in the case relative to the other two individuals. However, even after conducting this assessment of relative culpability, the court in *Enzo Life Sciences* still only granted a total of ten dollars in nominal damages.

Likewise, in *Standard Distributing Company*, the plaintiff brought a claim for breach of contract. *Standard Distrib. Co. v. NKS Distribs.*, C.A. No. 92C-05-036-WTQ, 1996 Del. Super. LEXIS 125, (Super. Ct. Jan. 3, 1996). The court in *Standard Distributing Company* awarded the plaintiff nominal damages in the amount of one dollar. *Id.* at 34-35. Both the rationale of the courts in *Enzo Life Sciences* and *Standard Distributing Company*, demonstrate that under Delaware law the concept of nominal damages consists of a small dollar value. Similarly, in the case at bar, should this Honorable Court find that an award of nominal damages against Giedraitis based upon his relative culpability are appropriate, any such award would by definition have to be in a nominal amount, such as $1, $10, $100 or even $1,000, and should not be in an excessive amount approaching any substantial sum. As such, under no circumstances could an award of nominal damages properly exceed the $75,000.00 amount in controversy set forth in § 1332.[1] Accordingly, as OHL has not and cannot satisfy the jurisdictional threshold requirements for this Honorable Court to exercise subject matter jurisdiction, the case should be dismissed for lack of subject matter jurisdiction.

---

[1] Even assuming *arguendo* that the Plaintiffs were ultimately to be awarded punitive damages, the ratio between nominal and punitive damages cannot be excessive, which is what would have to be required in order for the total sum of nominal damages and punitive damages to reach the threshold amount in controversy in excess of $75,000. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 317 (7th Cir. 1996) (a large multiplier of punitive damages that are 17.35 times compensatory damages would be excessive and cannot be used to satisfy the amount in controversy requirement for diversity jurisdiction.)

**D.** **OHL Cannot Rely Upon Its Unsubstantiated Claim for Attorney's Fees to Satisfy the $75,000 Threshold for Diversity Jurisdiction.**

Plaintiff's sole cause of action against Giedraitis is for a purported breach of fiduciary duty as alleged in Count I of the Amended Complaint. In the "wherefore" clause of Count I of the Amended Complaint (Doc. 61 at Page 24), Plaintiff, without a valid legal basis, seeks to recover its "attorney's fees relating to this action" from Giedraitis. However, the Plaintiff cites no statutory basis for seeking to recover its attorney's fees incurred in this litigation from Giedraitis. Likewise, the Plaintiff fails to cite any contractual provision purportedly affording the Plaintiff a valid legal basis to recover its litigation-related attorney's fees from Giedraitis. Delaware follows the American Rule, wherein each party is ordinarily responsible for its own litigation expenses. *Blue Hen Mech., Inc. v. Christian Bros. Risk Pooling Tr.*, 117 A.3d 549, 559 n.45 (Del. 2015).

Therefore, without a valid basis for shifting OHL's attorney's fees to Giedraitis, it would be improper for this Honorable Court to include OHL's attorney's fees in determining whether or not OHL or has met its burden of proof that the total amount in controversy exceeds the $75,000.01 jurisdictional minimum for diversity jurisdiction as required by §1332(a). "The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir.2008). Accordingly, this Honorable Court should dismiss OHL's pending action for lack of want of subject matter jurisdiction in this diversity action.

12

### III. FEDERAL COURTS SITTING IN DIVERSITY JURISDICTION LACK SUBJECT MATTER JURISDICTION UNLESS THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PLAINTIFFS AND THE DEFENDANTS.

28 U.S.C.A. § 1332 provides in pertinent part as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —

(1) citizens of different States;   * * *

(c)  For the purposes of this section and section 1441 of this title—

(1)  a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of —  * * * *

28 U.S.C.A. § 1332. (Emphasis added.)

"Diversity jurisdiction requires 'complete diversity.' Which in turn requires that 'no plaintiff be a citizen of the same state as any defendant' (Internal citations omitted.)  A corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business.  *See* § 1332(c)(1)."  *Gardner ex rel Booth v. Inglis House Corp.*, 332 F. Aupp.3d 644, 646 (E.D. PA 2018) (district court dismissed plaintiff's action brought on behalf of disabled adult sibling against Inglis House Corporation, the nursing home corporation named as a defendant which had its principal place of business in Pennsylvania, as by Booth and the nursing home were both citizens of Pennsylvania defeating diversity jurisdiction).

Plaintiff, Neurensic, Inc., and Defendant, Trading Technologies International, Inc. are both Delaware corporations.  The Plaintiffs' action was brought as a derivative action pursuant to Federal Rule of Civil Procedure 23.1 "for the benefit of its stockholders." (Doc. 61 at ¶¶ 71-

13

75.)  In addition to being named as a Plaintiff, under Delaware law a stockholder's derivative action against corporate officers for purported breach of fiduciary duty "does not belong to the stockholder; it belongs to the corporation." *Lynam v. Livingston*, 257 F. Supp. 520 (D. Del. 1966).  *See also, Midland Food Services, LLC v. Castle Hill Holdings V, LLC*, 792 A. 2d 920, 931 (DE 1999).  "Because a derivative suit is being brought on behalf of the corporation, any recovery must go to the corporation." *Americas Mining Corp. v. Theriault*, 51 A. 3d 1213, 1264 (S. Ct. DE 2012).

Similarly, Plaintiff, Neurensic, Inc., with its principal place of business being located at "141 W. Jackson Blvd., Chicago, Illinois"[2] and Defendant, Giedraitis, are both citizens of Illinois. (Doc. 61 at ¶ 12.)  As one of the Plaintiffs and at least one of the Defendants are citizens of the same state, there is a lack of complete diversity, thereby defeat diversity jurisdiction pursuant to § 1332.  Accordingly, this Honorable Court is required to dismiss Plaintiffs' action due to a lack of subject matter jurisdiction.

---

[2] Attached as Exhibits A and B to Plaintiff's Motion to Temporary Restraining Order (Doc. 7 and 7-1 (Exhibits) at Pages 2-7) are emails sent by David Widerhorn, Chief Executive Officer of Neurensic, Inc., wherein Widerhorn lists as return address of Neurensic as 141 W. Jackson Blvd., Suite 1755, Chicago, Illinois."  Additionally, in the Form D "Notice of Exempt Offering of Securities" filed with the United States Securities and Exchange Commission ("SEC") on or about March 7, 2017, by CIK (Filer ID Number: 0001645819), the "Principal Pace of Business and Contact Information" for Issuer "Neurensic, Inc." is listed as  "141 W. Jackson Blvd., Suite 1755, Chicago, Illinois 60604.  A duplicate of this filing is attached hereto as Exhibit 1, and can be found on the SEC's website at the SEC's website as document: https://www.sec.gov/Archives/edgar/data/1645819/000164581916000005/xslFormDX01/primary_doc.xml
In ruling on a Motion to Dismiss, this Honorable Court can take judicial notice of matters of public record, including SEC filings.  *Drieling v. American Express Co.*, 458 F. 3d 942 (9th Cir. 2006).  "Courts can consider security offerings and corporate disclosure documents that are publicly available." (Internal citation omitted.)  *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1230-1 (C.D. CA 2015).

14

## IV.    CONCLUSION

For the reasons discussed above, the Plaintiffs have not and cannot meet either the jurisdictional minimum amount in controversy of $75,000.01 or the complete diversity of citizenship required.  Therefore, this Honorable Court should dismiss Plaintiffs' action for lack of subject matter jurisdiction.

**WHEREFORE,** Defendant, **PAUL GIEDRAITIS** ("Giedraitis" or "Defendant"), an Illinois citizen, by and through his attorneys, PERL & GOODSNYDER, LTD., respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Amended Complaint ("Complaint") filed by the Plaintiff, **OVERWELL HARVEST LIMITED**, a British Virgin Islands company ("OHL" or "Plaintiffs"), individually and derivatively on behalf of **NEURENSIC, INC**., a Delaware corporation with its principal place of business in Illinois ("Neurensic"), for want of subject matter jurisdiction pursuant to Rules 8 and 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 1332, extend the time for Giedraitis to respond to the Plaintiffs' Amended Complaint until this motion is resolved, and grant Giedraitis such further relief this as this Honorable Court deems fair, just and equitable.

Respectfully    Submitted    on    Behalf    of
Defendant**:**

**PAUL GIEDRAITIS,**

By and through his attorneys,

| | |
|---|---|
| PERL & GOODSNYDER, LTD. | PERL & GOODSNYDER, LTD. |
| Attorneys for Defendant -David Giedriatis | |
| 14 North Peoria Street – Suite 2-C | /s/ Christopher M. Goodsnyder |
| Chicago, Illinois 60607 | Mr. Christopher M. Goodsnyder |
| (312) 243-4500 | One of Defendant's attorneys |
| CGoodsnyder@PerlandGoodsnyder.com | |
| ARDC No.:  6216156 | |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the date shown below he caused the

foregoing document to be electronically filed with the Clerk for the U.S. District Court for the

Northern District of Illinois, which will send a notification and a copy of the document to all

counsel of record.


Dated: February 19, 2019

/s/ Christopher M. Goodsnyder
Mr. Christopher M. Goodsnyder

*Attorneys for Defendant: Paul Giedraitis*


PERL & GOODSNYDER, LTD.
Attorneys for Defendant –Paul Giedriatis
14 North Peoria Street
Suite 2-C
Chicago, Illinois 60607
(312) 243-4500
CGoodsnyder@PerlandGoodsnyder.com
ARDC No.:  6216156