IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OVERWELL HARVEST LIMITED, )<br>a British Virgin Islands company, )<br>individually and derivatively on )<br>on behalf of NEURENSIC, INC., )<br>)<br>)              Plaintiff, )<br>)<br>                 v. )<br>)<br>DAVID WIDERHORN, )<br>PAUL GIEDRAITIS,   and )<br>TRADING TECHNOLOGIES )<br>INTERNATIONAL, INC., )<br>)<br>              Defendants. ) | Civil Action No. 1:17-cv-06086<br><br>Hon. Sara L. Ellis<br><br>Mag. Judge Maria Valdez |

**JOINT STATUS REPORT AND
AGREED MOTION TO AMEND DISCOVERY SCHEDULE AND SET
DATES FOR EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING**

Plaintiff Overwell Harvest Limited ("Overwell Harvest") and Defendants Paul Giedraitis and Trading Technologies International, Inc. ("Trading Technologies") (collectively, the "Parties") jointly submit this status report and respectfully request that this Court enter an Order amending the fact discovery schedule in this case and establishing dates for expert discovery and summary judgment briefing. In support of their motion, the Parties state as follows:

1.      In their Joint Covid-19 Status Report dated May 18, 2020, the Parties advised the Court that they had timely met all MIDP disclosure dates and issued written discovery requests in accordance with all dates set by the Court. The Parties further advised that while the document collection process was underway, the current fact discovery deadline may need to be extended. (ECF No. 147.)

2.      Since that time, the Parties have continued to work cooperatively to collect and exchange documents, including ESI. In addition, Plaintiff served its Second Request for Production of Documents and, after Plaintiff agreed to narrow the scope of those requests, Trading Technologies began working to collect documents responsive to those requests and anticipates producing responsive documents shortly.

3.      With regard to the current progress of document discovery, Overwell Harvest and Trading Technologies have identified certain remedial issues to address with regard to the ESI and documents exchanged, but they fully anticipate resolving those issues without Court intervention. In addition, Overwell Harvest and Paul Giedraitis have reached an agreement in principal to resolve the claims against Mr. Giedraitis and have continued to work on the terms of a mutually agreeable settlement, which will involve the production of certain documents by Mr. Giedraitis. The Parties anticipate that Mr. Giedraitis' production will be made within the next 30-45 days.

4.      The Parties have conferred on several occasions regarding the number of and means by which depositions will take place. Although the Parties collectively expressed a strong preference to take deposition testimony in person, given the length and persistence of the current pandemic, it appears that the deposition testimony in this matter will almost certainly be taken by remote means. *See e.g.*, *Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, No. 19-cv-00660, 2020 U.S. Dist. LEXIS 104790 (N.D. Ill. June 16, 2020); *Valdivia v. Menard, Inc.*, No. 19-cv-50336, 2020 U.S. Dist. LEXIS 132935 (N.D. Ill. July 28, 2020). The Parties are working to identify the witnesses they intend to depose but anticipate deposing between 10 and 15 witnesses in the aggregate.

5. The Parties have conferred and agree that an extension of fact discovery is needed under the circumstances. As a result of various orders entered in March and April, including General Order 20-0012, as amended, the fact discovery deadline was extended to September 4, 2020. (Dkt. Nos. 150, 155.) The Parties propose the following new deadlines: fact discovery to close on November 30, 2020; the Parties to designate their affirmative experts and disclose their reports by December 18, 2020; the depositions of such experts to be completed by January 29, 2021; the Parties to designate any rebuttal experts and disclose their reports by March 15, 2021; and the depositions of such experts to be completed by April 15, 2021.

6. The Parties anticipate filing motions for summary judgment and, based on the above schedule, propose the following briefing schedule in accordance with the Court's standing order on summary judgment practice: the Parties to provide short letters advising the opposing party of the basis for summary judgment by March 31, 2021; the Parties to agree upon a joint statement of undisputed material facts or, if necessary, file any joint motion to determine controverted issues of fact by April 15, 2021; the Parties to file a joint statement of undisputed material facts within seven days of the Court ruling on any joint motion to determine controverted issues of fact; the moving Parties to file their motions for summary judgment on the same day the joint statement of undisputed material facts is filed; the non-moving Parties to file their responses within 28 days of the filing of any summary judgment motion; and the moving Parties to file their replies within 14 days of the filing of any summary judgment response.

7. Overwell Harvest and Mr. Giedraitis anticipate finalizing their settlement agreement within the next thirty (30) days. Overwell Harvest and Trading Technologies have not revisited settlement discussions since April 2020, during which they briefly explored settlement but were unable to reach an agreement.

- 4 -

WHEREFORE, the Parties respectfully request this Court extend the current discovery deadlines as proposed in paragraph 5 above, adopt the expert discovery deadlines proposed in that same paragraph, adopt the summary judgment schedule proposed in paragraph 6 above, and grant any other relief this Court deems just and equitable under the circumstances.

Dated: August 14, 2020

Respectfully submitted,

/s/ Garrett H. Nye
John J. Scharkey
Robert D. Sweeney
Garrett H. Nye
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
(312) 384-0500
rsweeney@ssbpartners.com
jscharkey@ssbpartners.com

*Counsel for Overwell Harvest Limited*

/s/ Christopher M. Goodsnyder
Christopher M. Goodsnyder
Allen R. Perl
Vlad V. Chirica
PERL & GOODSNYDER, LTD.
14 North Peoria Street
Suite 2C
Chicago, Illinois 60607
(312) 243-4500
cgoodsnyder@perlandgoodsnyder.com
aperl@perlandgoodsnyder.com
vchirica@perlandgoodsnyder.com

*Counsel for Paul Giedraitis*

/s/ David J. Doyle
David J. Doyle
Hannah D. Vanderlaan
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60614
(312) 360-6000
ddoyle@freeborn.com
hvanderlaan@freeborn.com

*Counsel for Trading Technologies International, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, which will automatically transmit required notice to all parties of record.

Dated: August 14, 2020                                     /s/ Garrett H. Nye