IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OVERWELL HARVEST LIMITED, a British Virgin Islands company, individually and derivatively on behalf of Neurensic, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> DAVID WIDERHORN, PAUL GIEDRAITIS, and TRADING TECHNOLOGIES INTERNATIONAL, INC., <br><br> *Defendants*. | Case No. 17-cv-06086 <br><br> Honorable Sara L. Ellis |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON DISGORGEMENT**

Plaintiff Overwell Harvest Limited ("Overwell"), through its undersigned counsel, and pursuant to this Court's November 18, 2022 order (Dkt. 295), submits this supplemental brief in opposition to the motion filed by Defendant Trading Technologies International, Inc. ("Trading Technologies") to exclude Overwell from presenting its aiding and abetting claim to a jury, and states the following in support:

Overwell's claim for aiding and abetting a breach of fiduciary duty against Trading Technologies encompasses two requests for relief: a request for the legal relief of compensatory and punitive damages, and a request for the equitable relief of disgorgement. Overwell is entitled to present its claim for aiding and abetting a breach of fiduciary duty to the jury because Overwell seeks monetary damages, which are legal in nature. With regard to Overwell's request for the equitable relief of disgorgement, the Court should decide whether to award disgorgement after the jury trial; however, pursuant to Federal Rule of Civil Procedure 39, the Court may have the jury render an advisory verdict on disgorgement if it so chooses.

In determining whether a party has a right to a jury trial, the Court applies federal procedural law. *See Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, Case No. 12-cv-5836, 2017 U.S. Dist. LEXIS 76356, at *1-2 (N.D. Ill. May 19, 2017) ("Federal procedural law controls the question of whether there is a right to a jury trial."). This is the case "[e]ven where, as here, a district court is applying the substantive law of a state[.]" *Int'l Fin. Servs. Corp. v. Chromas Techs. Can., Inc.*, 356 F.3d 731, 735 (7th Cir. 2014). Under federal procedural law, "[w]here an action involves both legal and equitable issues, a right to a jury exists as to the legal issues." *Angelopoulos*, 2017 U.S. Dist. LEXIS 76356, at *3 (citing *Black & Decker Corp. v. Positec USA Inc.*, 118 F. Supp. 3d 1056, 1060 (N.D. Ill. 2015)); *id.* at *7 (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962) ("[W]here both legal and equitable issues are presented in a single case only under the most imperative circumstances *** can the right to a jury trial of legal issues be lost through prior determination of equitable claim[s.]")).

There is no serious dispute that Overwell has asked for monetary damages, and thus legal relief, as part of its aiding and abetting claim.[1] Amended Compl. at 29; *Int'l Fin. Servs. Corp.*, 356 F.3d at 736 ("Legal remedies traditionally involve money damages."). The fact that Overwell has also asked for disgorgement as additional, equitable relief for the same claim does not negate its right to a jury trial on its claim for monetary damages. *See id.* As this court held in a similar case, where a plaintiff's breach of fiduciary duty claim seeks "compensatory damages [and] punitive damages," which are legal in nature, "plaintiff is entitled to a jury trial on the legal aspects of [the breach of fiduciary duty claim]." *Cont'l Vineyard LLC v. Dzierzawski*, Case No. 12-cv-3375, 2018

---

[1] This Court has recognized that, since the filing of its Second Amended Complaint, Overwell (on behalf of Neurensic and its shareholders) has requested an award of compensatory and punitive damages. (See Pl.'s Second Amended Compl., ECF No. 99, at 29; Sep. 9, 2019 Order, ECF No. 126, at 12 ("Overwell seeks money damages for injuries that flow derivatively from harm to the company."); Nov. 1, 2021 Order, ECF No. 233, at 24-26 (finding that an issue of material fact exists as to whether Neurensic could have a received a higher sale price "but for" Trading Technologies' actions)).

U.S. Dist. LEXIS 240614, at *3 (N.D. Ill. Apr. 5, 2018); *see Angelopoulos*, 2017 U.S. Dist. LEXIS 76356 at *3, *7 ("As a general matter, though, legal remedies traditionally involve money damages, while [e]quitable remedies, by contrast, are typically coercive, and are enforceable directly on the person or thing to which they are directed. Where an action involves both legal and equitable issues, a right to a jury exists as to the legal issues.") (internal quotations and citations omitted). Put another way, because Overwell's aiding and abetting claim seeks to impose personal liability and recover the losses suffered by Neurensic, which are legal remedies, it is entitled to present the claim to the jury. *Palmer v. Reali*, Case No. 15-994, 2017 U.S. Dist. LEXIS 159718, at *8 (D. Del. Sep. 28, 2017) ("Where a request seeks to impose personal liability and recover losses suffered by the company, as opposed to recover funds held by an individual, the courts find the remedy is legal, not equitable.")

In its November 18, 2022 Order, this Court stated its assumption that "the jury would decide on Overwell's legal relief and the Court, thereafter, would rule on equitable relief based on the jury's finding of liability." That is correct. (Nov. 18, 2022 Order, ECF No. 295). Courts in the Seventh Circuit have consistently held that plaintiffs are entitled to present their fiduciary duty claims to the jury to decide factual issues, liability, and damages, while decisions on equitable remedies are to be made by the court following trial. In *Cont'l Vineyard LLC v. Dzierzawski*, for example, the court held that on plaintiff's breach of fiduciary duty claim, which sought disgorgement and monetary damages, the plaintiffs "[had] a right to have a jury decide their claim for damages," and held that "a jury will decide the question of liability on the breach of fiduciary duty claim, and the Court will be bound by that liability finding across all of [p]laintiffs' claims, whether seeking damages or equitable relief." 2018 U.S. Dist. LEXIS 240614, at *5-6 (citing *Allen v. Int'l Truck & Engine Corp.*, 358 F.3d 469, 471 (7th Cir. 2004) ("Factual issues common to

damages and equitable claims must be tried to a jury, whose resolution of factual matters will control.")). Similarly, in *Angelopoulos*, the court noted that although a breach of fiduciary duty claim "ordinarily is an equitable claim," the plaintiffs were entitled to a jury trial on the legal aspects of the claim "since [p]laintiff's requests for compensatory damages, punitive damages, and damages for [p]laintiff's share of [defendant's] 'administrative fee' are legal in nature." 2017 U.S. Dist. LEXIS 76356 at *7 (citing *Dairy Queen, Inc.*, 369 U.S. at 472-73).

The same is true here. As Overwell's claim for aiding and abetting a breach of fiduciary duty against Trading Technologies seeks monetary damages that are legal in nature, the claim should be presented to the jury for the resolution of all related factual issues, including the issue of damages. The issue of disgorgement should be decided by the Court after the jury trial. Further, to the extent the Court has any doubts as to this outcome, "any doubts should be resolved in favor of finding a constitutional jury right, as the 'federal policy favoring jury trials is of historic and continuing strength, and the risk of error is greater when denying rather than recognizing a constitutional right." *Black and Decker Corp.*, 118 F. Supp. 3d at 1064 (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)); *see also Angelopoulos*, 2017 U.S. Dist. LEXIS 76356 at 7-8.

Additionally, it is worth noting that the Court has the authority to take a non-binding advisory jury verdict on the equitable issues of the case, such as disgorgement, under Federal Rule of Civil Procedure 39. *See* Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court […] may try any issue with an advisory jury."). In both *Cont'l Vineyard LLC* and *Angelopoulos*, the court exercised such authority. 2018 U.S. Dist. LEXIS 240614, at *6; 2017 U.S. Dist. LEXIS 76356 at *8. In doing so, the court in *Cont'l Vineyard LLC* reasoned that:

> The Court would benefit from such an advisory verdict rendered by a jury presented with the entire case. The Court also finds it an inefficient use of the Court's and the parties' time to parse what evidence is relevant to damages and will be heard by a jury, and what evidence is relevant only to the Court's decision on disgorgement.

> The more efficient route is to have a jury hear the entire case and render verdicts on all aspects of Plaintiffs' case including an advisory verdict on disgorgement.

2018 U.S. Dist. LEXIS 240614, at *6. Should the Court find that an advisory verdict would similarly be beneficial in the case at hand, the Court may exercise its Rule 39 authority and decide Overwell's disgorgement remedy after trial with the benefit of an advisory verdict from the jury.

## CONCLUSION

WHEREFORE, Plaintiff Overwell Harvest Limited respectfully requests that this Court deny Trading Technologies' motion exclude Overwell from presenting its aiding and abetting claim to a jury and for any other relief the Court deems just and equitable under the circumstances.

Dated: November 22, 2022

By: /s/ William C. O'Hara
John J. Scharkey
Robert D. Sweeney
Ana R. Bugan
William C. O'Hara
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on the date shown below he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, which will send a notification and a copy of the document to all counsel of record.

Dated: November 22, 2022                                     /s/ William O'Hara