**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OVERWELL HARVEST LIMITED, a British
Virgin Islands company, individually and
derivatively on behalf of Neurensic, Inc.,

       *Plaintiff*,

     v.                                                            Case No. 17-cv-06086

DAVID WIDERHORN, PAUL GIEDRAITIS,                  Honorable Sara L. Ellis
and TRADING TECHNOLOGIES
INTERNATIONAL, INC.,

       *Defendants*.

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON PUNITIVE DAMAGES**

Plaintiff Overwell Harvest Limited ("Overwell"), through its undersigned counsel, and
pursuant to this Court's November 18, 2022 order (Dkt. 295), submits this supplemental brief in
opposition to the motion filed by Defendant Trading Technologies International, Inc. ("Trading
Technologies") to exclude punitive damages, and states the following in support:

Delaware law allows for punitive damages to be awarded on breach of fiduciary duty
claims, including aiding and abetting a breach of fiduciary duty. This is confirmed by decisions of
both Delaware and federal courts. The federal decisions which have refused to allow for punitive
damages in fiduciary suits incorrectly limited themselves to the equity powers of the Delaware
Court of Chancery, which by state statute has the power to decide only equitable claims, while
legal claims must be heard by Delaware courts of law. Federal courts, which merged law and
equity long ago, have no such limitations, as the Seventh Circuit has explicitly held in applying
Delaware law.

Multiple federal courts around the country have determined that punitive damages are
available for a breach of fiduciary duty under Delaware law. *See, e.g., Niehoff v. Maynard*, 299

F.3d 41, 53 (1st Cir. 2002) ("Under Delaware law, punitive damages for breach of fiduciary duty may be awarded, but only upon proof that the Defendant acted maliciously for the purpose of injuring the Plaintiff."); *Rosenthal v. Sonnenschein Nath & Rosenthal, LLP*, 985 A.2d 443, 455 (D.C. 2009) ("[A] favorable verdict on breach of duty would afford a basis" for punitive damages); *ASARCO LLC v. Ams. Mining Corp.*, 382 B.R. 49, 83 n.31 (S.D. Tex. 2007) ("Delaware … allow[s] recovery of punitive damages for a breach of fiduciary duty claim[.]"); *In re Extended Stay, Inc.*, 2020 Bankr. LEXIS 2128, at *416–17 (Bankr. S.D.N.Y. Aug. 8, 2020).

The recent decision in *In re Extended Stay, Inc.* provides helpful analysis of the exact issue raised by the Court, explaining that federal courts applying Delaware law can award punitive damages, and  arguments to the contrary rely on a misapprehension of the law. In that case, defendants contended that plaintiff "[could n]ot recover punitive damages to redress breaches of fiduciary duties because under Delaware law, claims for breach of fiduciary duty are within the jurisdiction of the Chancery Court, and punitive damages are not available in that court." 2020 Bankr. LEXIS 2128, at *416–17 (citation omitted). The court recognized that "because the Delaware Chancery Court sits only in equity, it cannot award punitive damages for breaches of fiduciary duty." *Id.* at *417. But "the limitation on punitive damages for breach of fiduciary duties under Delaware law is strictly limited to actions brought in the Chancery Court," a court of equity. *Id.* at *417. The court concluded that there is no support for the proposition that Delaware law prohibits punitive damages in breach of fiduciary duty cases and cited numerous decisions supporting its holding:

> *See Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 252-53 (D. Del. 1992) (allowing punitive damage claim for breach of fiduciary duty to proceed); *In re The Brown Schools*, 368 B.R. at 398-99, 411 (same); *Niehoff v. Maynard*, 299 F.3d 41, 52-53 (1st Cir. 2002) ("Under Delaware law, punitive damages for breach of fiduciary duty may be awarded, but only upon proof that the Defendant acted maliciously for the purpose of injuring the Plaintiff"); *Rosenthal v. Sonnenschein Nath & Rosenthal, LLP*, 985 A.2d 443, 455 (D.C. 2009) (stating that, for claim for

> breach of fiduciary duty under Delaware law, "[p]unitive damages are . . . to be awarded only in cases of outrageous or egregious wrongdoing where the defendant has acted with evil motive, actual malice, or in willful disregard for the rights of the plaintiff") (citation omitted); *cf. Official Comm. of Unsecured Creditors of TOUSA, Inc. v. Tech. Olympic, S.A. (In re TOUSA, Inc.)*, 437 B.R. 447, 465 (Bankr. S.D. Fla. 2010) (denying motion to dismiss claim for punitive damages for breach of fiduciary duty and aiding and abetting claims under Delaware law).

*Id.* at *417–18.

The Seventh Circuit has explicitly held that Delaware's intra-state division of claims between courts of equity and courts of law has no bearing on federal courts' ability to offer the full panoply of relief. *Truck Components v. Beatrice Company*, 143 F.3d 1057 (7th Cir. 1998). In *Truck Components*, a party argued that this Court (and federal courts generally) lacked jurisdiction to offer certain relief under Delaware law because Delaware statute provides that "the Court of Chancery is hereby vested with exclusive jurisdiction to hear and determine all actions for [] indemnification." The party reasoned that the statute thus prohibited a federal court from considering the issue of indemnity. *Id.* at 1061. The Seventh Circuit disagreed, holding: "No state may prevent a federal court from exercising jurisdiction created by Congress." *Id.* The Seventh Circuit further explained: "Delaware maintains separate systems of courts in law and equity. Claims based on corporate arrangements go to the Court of Chancery rather than to the law courts, where other contracts are litigated. **Such an intra-state allocation has no effect on federal litigation, which merged law and equity long ago.**" *Id.* at 1062 (emphasis added). In short, this Court is not bound by the equitable limits of the Delaware Court of Chancery and has the authority to award punitive damages.

Recent cases from Delaware state courts of law—as opposed to courts of equity—further confirm that punitive damages are available here. In *AluminumSource LLC v. LLFlex, LLC*, the Delaware Superior Court (a court of law) stated that while the general rule in Delaware is that punitive damages cannot be recovered under a breach of contract action, they can be recovered

under several traditional exceptions, including "breach of a fiduciary duty." *AluminumSource, LLC v. LLFlex, LLC*, 2021 Del. Super. LEXIS 415, at *4 (Super. Ct. May 19, 2021) (citing *E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 446 (Del. 1996)). *See also Linden Green Condo. Ass'n v. Larkin*, 2022 Del. Super. LEXIS 49, at *14–15 (Super. Ct. Jan. 27, 2022) (suggesting "a claim for punitive damages based on a violation of the duty of loyalty" could exist where evidence suggested fiduciary breach was made for personal gain).

Those federal courts which have determined otherwise (*Buchwald v. Renco Grp.*, 539 B.R. 31 (S.D.N.Y. 2015); *U.S. Bank Nat'l Ass'n v. Verizon Communs., Inc.*, 817 F. Supp. 2d 934 (N.D. Tex. 2011)) are mistaken. First, each of the cases cited by this Court which prohibited punitive damages incorrectly applied the Delaware Court of Chancery's limited jurisdictional powers to themselves, even though (1) they are courts of law with no such restrictions, and (2) Delaware decisions from courts *other* than chancery courts explicitly allow punitive damages on fiduciary breach claims. Second, *Buchwald v. Renco Group* analyzes the *Erie* implications of the unavailability of punitive damages in Delaware's *chancery* court, but incorrectly assumes that *no* Delaware court would allow punitive damages for a fiduciary breach. *Buchwald v. Renco Grp.*, 539 B.R. 31, 50–54 (S.D.N.Y. 2015). *Buchwald*'s primary assumption is squarely contradicted by the decisions of the Delaware courts of law in *AlumninumSource* and *Linden Green Condominium Association*, discussed above. Moreover, the Seventh Circuit foreclosed the rationale on which these cases rely when it held in *Truck Components* that "intra-state allocation" of jurisdiction between legal and equitable suits "has no effect on federal litigation, which merged law and equity long ago." 143 F.3d at 1062.

It is worth noting that awarding punitive damages for breach of fiduciary duty is allowed under both Delaware and Illinois law: "[P]unitive damages are available as a matter of law for a breach of fiduciary duty" under Illinois law. *Tully v. McLean*, 948 N.E.2d 714, 729 (Ill. App. Ct.

2011). *See also Seerveld v. Gerstenberg & Co.*, 1986 U.S. Dist. LEXIS 29097, at *6 (N.D. Ill. Feb. 20, 1986) ("[B]reach of fiduciary duty can support an award of punitive damages.") (applying Illinois law).

## CONCLUSION

WHEREFORE, Plaintiff Overwell Harvest Limited respectfully requests that this Court deny Trading Technologies' motion in limine to exclude punitive damages and for any other relief the Court deems just and equitable under the circumstances.

Dated: November 22, 2022

By:_____/s/ William C. O'Hara_____
John J. Scharkey
Robert D. Sweeney
Ana R. Bugan
William C. O'Hara
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that on the date shown below he caused the foregoing document to be electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois, which will send a notification and a copy of the document to all counsel of record.

Dated: November 22, 2022            /s/ William O'Hara