IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OVERWELL HARVEST LIMITED, a British Virgin Islands company, individually and derivatively on behalf of Neurensic, Inc., <br><br> Plaintiff, <br><br> v. <br><br> DAVID WIDERHORN, PAUL GIEDRAITIS, and TRADING TECHNOLOGIES INTERNATIONAL, INC., <br><br> Defendants. | Case No. 17-cv-06086 <br><br> Honorable Sara L. Ellis |

**TRADING TECHNOLOGIES'
SUPPLEMENTAL BRIEF RELATING TO DAMAGES**

Pursuant to this Court's order dated November 18, 2022 [ECF No. 295], Defendant Trading Technologies respectfully submits this supplemental brief on two issues requested by the Court: (1) whether Delaware law permits an award of punitive damages on OHL's aiding and abetting breach of fiduciary duty claim; and (2) whether OHL's claim may be tried to a jury if OHL persists in pursuing the equitable remedy of disgorgement.

**I.     OHL Cannot Recover Punitive Damages Under Delaware Law**

There is surprisingly little case law on the first question posed by the Court: whether punitive damages may be awarded on an aiding and abetting breach of fiduciary duty claim under Delaware law. Federal judges in New York and South Carolina have provided the only meaningful analyses on this issue, reaching different conclusions. *See Buchwald v. Renco Grp.*, 539 B.R. 31 (S.D.N.Y. 2015); *Accident Ins. Co., Inc. v. U.S. Bank N.A.*, 2019 WL 2865222 (D.S.C. July 3, 2019); *In re Extended Stay, Inc.*, 2020 WL 10762310 (Bankr. S.D.N.Y. Aug. 8, 2020). As explained below, this Court should conclude that punitive damages are *not* allowed on OHL's

claim based on the analyses in *Buchwald* and *Accident Insurance*, which are soundly rooted in the *Erie* doctrine and far superior to the analysis in *Extended Stay*.

In *Buchwald*, following a jury trial, the defendant filed a post-judgment motion challenging a punitive damages award on a bankruptcy trustee's breach of fiduciary duty claim. In addressing that motion, the court explained that Delaware's Court of Chancery had exclusive jurisdiction over such claims and that the Court of Chancery had no authority to award punitive damages for breaches of fiduciary duty by corporate directors. 539 B.R. at 52. The trustee argued that Delaware cases holding that punitive damages were unavailable reflected only a "jurisdictional limit," not a substantive rule of law, such that—while punitive damages could not be awarded on fiduciary duty claims brought in Delaware—they could be awarded on such claims brought in other states under Delaware law. *Id.* at 53.

To resolve this dispute, the *Buchwald* court conducted a simple application of the *Erie* doctrine. Citing U.S. Supreme Court case law, the court explained that "[t]he availability of punitive damages is generally governed by state law under *Erie*." *Id.* (citing *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989) ("In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law.")). Further, in determining whether a state rule is substantive (and thus governed by state law) or procedural (and thus governed by federal law), a court must consider "the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Id.* (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996)). According to the court, construing Delaware's prohibition on punitive damages as a "procedural rule" that only barred such relief in the Delaware Court of

2

Chancery "would produce all of the harms *Erie* sought to avoid." *Id.* Thus, the court concluded that the punitive damages award was improper and "must be vacated." *Id.* at 54.

A South Carolina judge followed this same approach in *Accident Insurance*. There, like here, the issue of the propriety of an award of punitive damages arose in the context of a motion in limine. 2019 WL 2865222, at *1. In opposing that motion, the plaintiff argued, among other things, that federal procedural law should control. *Id.* at 2. But, like the court in *Buchwald*, the South Carolina court cited *Browning-Ferris* and several other cases for the proposition that "state law governs the issue of whether punitive damages are permitted." *Id.* at 3. And because Delaware law applied to the plaintiffs' fiduciary duty claim, the court concluded that an award of punitive damages was improper and granted the defendant's motion to exclude testimony and evidence related to punitive damages. *Id.* at *3-4.

The *Buchwald* and *Accident Insurance* courts got it right. To allow a plaintiff to bring a breach of fiduciary claim outside Delaware and potentially recover millions of dollars in punitive damages that a Delaware Chancellor applying Delaware law could not award would contravene the U.S. Supreme Court authority above, encourage forum shopping, and result in an unjust administration of the law. The availability of punitive damages is a matter of Delaware substantive law that this Court should follow under *Erie*. *See Buchwald*, 539 B.R. at 54 ("The Court [should] not order an award of punitive damages wholly unavailable to a plaintiff litigating in Delaware courts based on some slight-of-hand that makes Delaware law on punitive damages different in federal court than in state court").

In addition to *Buchwald* and *Accident Insurance*, several other federal and state-court decisions have held that punitive damages may not be awarded on fiduciary duty claims that are governed by Delaware law but brought outside that state. *See, e.g., U.S. Bank N.A. v. Verizon*

3

*Commc'ns Inc.*, 817 F. Supp. 2d 934, 944 (N.D. Tex. 2011) (striking punitive damages request from complaint because "[p]unitive damages are not available for breach of fiduciary duty claims brought in the Delaware Chancery Court"); *Dietz v. Spangenberg*, 2013 WL 4610530, at *25 (D. Minn. Aug. 29, 2013) (denying motion to amend complaint to add request for punitive damages because "[p]unitive damages are not awarded for breach of fiduciary duty claims under Delaware law"); *Kottayil v. Insys Therapeutics, Inc.*, 2017 WL 3712196, at *18 (Ariz. Ct. App. Aug. 29, 2017) (affirming denial of punitive damages at trial because "the availability of punitive damages presents a question of substantive law governed by Delaware law"); *White v. Pottorff*, 479 S.W.3d 409, 419 (Tex. Ct. App. 2015) (reversing award of punitive damages because "[t]he Delaware legislature has not authorized punitive damages for breach of fiduciary duty").

As noted above, however, a federal judge in New York reached a different conclusion in *Extended Stay*, an unpublished opinion. There, the court acknowledged that the Delaware Chancery Court "sits only in equity" and therefore "cannot award punitive damages for breaches of fiduciary duty." 2020 WL 10762310, at *121. Nonetheless, the court found that the cases the defendants cited did "not stand for the proposition that punitive damages for a breach of fiduciary duties claim are barred under Delaware law." *Id.* According to the court, "[t]he majority rule in Delaware is that limitation on punitive damages for breach of fiduciary duties under Delaware law is strictly limited to actions brought in the Chancery Court." *Id.* Because the court found no support for the defendants' position that Delaware law does not allow the recovery of punitive damages on fiduciary duty claims, the court denied the defendants' motion to dismiss plaintiff's request for punitive damages. *Id.*

The analysis in *Extended Stay* is unpersuasive, and the Court should not follow it. First, it appears that none of the parties in *Extended Stay* alerted the court to the *Buchwald* or *Accident*

4

*Insurance* decisions or proposed a proper legal framework for the court's analysis.[1] Second, the court did not explain its assertion that the "majority rule" in Delaware precludes awarding punitive damages for breach of fiduciary duty claims only when actions are brought in Chancery. In fact, no such "majority rule" exists (nor is there a corresponding "minority rule"). Third, as support for this purported rule, the *Extended Stay* court cited five federal cases. *Id*. But *none* of them reference a "majority rule." *None* of them discuss the *Erie* doctrine. And *none* of them even analyze whether punitive damages are allowable on breach of fiduciary duty claims decided under Delaware law. The mere fact that requests for punitive damages were not stricken in these cases does not mean that the courts actually examined the issue on which this Court requested supplemental briefing and disagreed with the *Buchwald* and *Accident Insurance* courts. Indeed, a review of these cases shows that they did not.[2]

---

[1] A review of the *Extended Stay* docket reveals that the defendants made one-paragraph punitive damages arguments in lengthy Rule 12 submissions that did not cite *Buchwald* or *Accident Insurance*. (*See* S.D.N.Y. Bankr. Dkt. Adv. Proc. No. 11-02254 [ECF No. 225 at 77-78; ECF No. 228 at 37].)

[2] *See Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 252-53 (D. Del. 1992) (denying motion to strike punitive damages demand where defendants' only argument was that plaintiff's RICO claim already allowed treble damages; noting that "Defendants [did] not contend that punitive damages cannot be recovered under [their] state law claims"); *In re The Brown Schools*, 368 B.R. 394, 411 (D. Del. 2007) (denying motion to dismiss punitive damages claim where defendants' only argument was that their conduct did not reflect the type of "wanton and willful disregard" needed to recover punitive damages); *Niehoff v. Maynard*, 299 F.3d 41, 52-53 (1st Cir. 2002) (citing, but not commenting on, the district court's statement that "[u]nder Delaware law, punitive damages for breach of fiduciary may be awarded," and affirming denial of punitive damages at trial because the district court did not err in concluding that the facts presented did not show "willfulness or malice"); *Rosenthal v. Sonnenschein Nath & Rosenthal, LLP*, 985 A.2d 443, 455-56 (D.C. 2009) (affirming denial of punitive damages at trial because the plaintiff failed to make the type of factual showing necessary to recover them); *In re TOUSA, Inc.*, 437 B.R. 447, 465 (S.D. Fla. 2010) (denying motion to dismiss breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims seeking punitive damages without commenting on whether punitive damages were proper under Delaware law).

Nor was the right to recover punitive damages squarely addressed in two additional cases the Court cited in its November 18, 2022 order. *See In re Covenant Partners, L.P.*, 2017 WL 838637, at *8 (Bankr. E.D. Pa. Mar. 2, 2017) (discussing whether the allegations could be deemed "sufficiently outrageous to warrant imposition of punitive damages" but ignoring defendants' argument that punitive damages were unavailable for fiduciary duty violations under Delaware law); *Heartland Payment Sys., LLC v. Carr*, 2020 WL 13580941, at *5 (D.N.J. Dec. 28, 2020) (stating that whether Delaware law allows punitive damages for breach of fiduciary duty claims was "a disputed and substantial question[] of law," but neither analyzing this issue nor even deciding "whether Plaintiff's entitlement to punitive damages is controlled by Delaware law").[3]

In sum, two courts—*Buchwald* and *Accident Insurance*—properly analyzed the issue presented and reached the same result. Under *Erie v. Tompkins*, whether punitive damages may be recovered on fiduciary duty claims governed by Delaware law turns on whether Delaware's preclusion of this remedy is "substantive" or "procedural." The Supreme Court has declared that the propriety of an award of punitive damages is a *substantive* question of state law, and many other cases are in accord. *See Accident Insurance*, 2019 WL 2865222, at *3 (collecting cases). And because punitive damages are not allowed under Delaware law, they are not recoverable on OHL's aiding and abetting breach of fiduciary duty claim. As such, the Court should grant Trading Technologies' motion to bar OHL from seeking punitive damages at trial.

---

[3] In *Heartland Payments*, the defendants subsequently moved for clarification of the court's denial of their motion to strike. In ruling on that motion, the court explained that its prior ruling, "expressed no holding that, in fact, Delaware law applies to the claims or that Delaware law allows Plaintiff's claim for punitive damages." *See* 2021 WL 9667965, at *3 (D.N.J. Aug. 8, 2021).

6

**II.    This Case Should Not Be Tried to a Jury If OHL Seeks Disgorgement**

As Trading Technologies explained in its damages motion, this case should not be tried to a jury if OHL is allowed to pursue the equitable remedy of disgorgement. Indeed, federal judges confronted with the same scenario presented here—a trial of breach of fiduciary duty claims seeking both legal remedies and disgorgement—have ruled that there is no right to a jury trial on such claims.

Federal Rule of Civil Procedure 38(a) allows claims to be tried to a jury where that right is either preserved by the Seventh Amendment to the U.S. Constitution or granted by a federal statute. Fed. R. Civ. P. 38(a). Because there is no federal statute granting OHL a right to a jury trial on its aiding and abetting claim, OHL's entitlement to a trial by jury must be found in the Seventh Amendment.

The Seventh Amendment guarantees the right to a jury trial in "Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend VII. "To determine whether a claim falls within the ambit of 'Suits at common law,' the Court must conduct a two-stage inquiry." *Angelopoulos v. Keystone Ortho. Specialists*, 2017 WL 2215038, at *1 (N.D. Ill. May 19, 2017). First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (citing *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). Second, the Court must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* According to the Supreme Court, "the second stage of this analysis is more important than the first." *Id.*

In a case Trading Technologies previously cited to this Court, Judge Robert Dow followed this approach and concluded that a breach of fiduciary duty claim was equitable in nature and therefore must be resolved by the Court. *See Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d

7

849, 856 (N.D. Ill. 2013). In *Client Funding*, the plaintiff sought the same three remedies on her breach of fiduciary duty claim that OHL seeks here: (1) disgorgement; (2) money damages; and (3) punitive damages. *Id.* at 856-57. Judge Dow began by finding that the first-stage inquiry "indicates that the claim should be tried to the bench" because "[t]here is no dispute that actions for breach of fiduciary duty historically were considered equitable." *Id.* at 856; *see also Cantor v. Perelman*, 2006 WL 318666, at *6 (D. Del. Feb. 10, 2006) (noting that this "point is inarguable").

Turning to the second-stage inquiry, Judge Dow concluded that because the plaintiff sought both legal and equitable remedies on her fiduciary duty claim, the second *Granfinanciera* factor "sits inconclusively in equipoise," and "[e]ven if the Court were to consider the second factor a wash, the first factor tips the scale toward equity." *Client Funding*, 943 F. Supp. 2d at 858. Thus, the court ruled that the plaintiff's breach of fiduciary duty claim was equitable in nature and could not be tried to a jury. In doing so, Judge Dow approvingly cited *Cantor*, in which a federal court in Delaware struck a jury demand because it found that breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims that sought both legal and equitable relief were equitable. *Id.*; *see also Handicraft (H.K.) Ltd. v. Envision This!, LLC*, 2018 WL 723223, at *2 (N.D. Ill. Feb. 6, 2018) (holding that claim seeking both equitable remedy of disgorgement and legal remedy of punitive damages "is more equitable than legal and must be resolved by the Court").

Significantly, Judge Dow rejected the approach OHL has urged this Court to take—*i.e.*, to submit the issue of liability on OHL's aiding and abetting claim to the jury for determination, and then allow "the remaining equitable issues [to be] resolved by the Court." (Pl.'s Resp. in Opp'n to Motion on Damages, ECF No. 277, at 9-10.) Judge Dow acknowledged that "to the extent that there are common factual issues between this equitable claim" and the plaintiff's other, legal claims, "those common issues of fact must be resolved by a jury, whose findings will in turn bind

8

the Court." *Client Funding*, 943 F. Supp. 2d at 858-59. But to the extent certain evidence pertained exclusively to the breach of fiduciary duty claim, that evidence would "not be relevant to the jury's fact-finding duties." *Id.*

In short, *Client Funding*, *Cantor*, and *Handicraft* are all in accord: a breach of fiduciary duty claim (or an aiding and abetting breach of fiduciary duty claim) that seeks viable legal and equitable remedies should be deemed equitable in nature, thus precluding a trial by jury.

Four years after *Client Funding*, Judge Dow again addressed the issue of whether a breach of fiduciary duty claim that purported to seek both legal and equitable remedies was equitable in nature. *See Angelopoulos*, 2017 WL 2215038. This time, under very different facts, he found that the plaintiff was entitled to a jury on his breach of fiduciary duty claim. The court reached this conclusion because alleged damages the plaintiff had styled as "disgorgement" actually were monetary damages that were legal in nature. *Id.* at *2. And although the plaintiff sought a form of equitable relief by requesting an order requiring the defendant to indemnify him against future harm, this was an alternative remedy that only would be relevant if the jury did not award him the primary relief he sought on his claim—$1.4 million in money damages. *Id.* at *3.

In the end, *Angelopoulos* does not help OHL because the unique facts presented led the court to conclude that the breach of fiduciary duty claim was legal in nature. Here, if OHL is allowed to pursue a disgorgement theory at trial, the facts will mirror the facts of *Client Funding*, where Judge Dow found a breach of fiduciary duty claim to be equitable.

Finally, it would be inappropriate for the parties to try OHL's aiding and abetting breach of fiduciary duty claim to an "advisory jury" pursuant to Federal Rule of Civil Procedure 39(c)(1). Judge Durkin followed this approach in a case the Court cited in its November 18, 2022 order— *Continental Vineyard LLC v. Dzierzawski*, 2018 WL 11195945 (N.D. Ill. Apr. 5, 2018). That case

9

involved an unfair competition claim and other matters that were legal in nature and needed to be presented to a jury. In light of this, Judge Durkin believed that he would benefit from "an advisory verdict rendered by a jury presented with the entire case"—including plaintiff's prayer for disgorgement on his breach of fiduciary duty claim. 2018 WL 11195945, at *2. The court also believed that it would be more efficient to have the parties present the entire case to the jury rather than take the time to "parse what evidence is relevant to damages and will be heard by a jury, and what evidence is relevant only to the Court's decision on disgorgement." *Id.*

Here, in contrast, the trial will concern a single claim for aiding and abetting breach of fiduciary duty. And given that this claim will be equitable in nature if OHL seeks disgorgement—per *Client Funding*, *Cantor*, and *Handicraft*—impaneling a jury and asking it to render a non-binding advisory verdict would be highly inefficient and would not serve the purposes for which Judge Durkin decided to allow equitable issues to be put to the jury *Continental Vineyard*.

Dated: November 22, 2022

Respectfully submitted,

/s/ David J. Doyle
David J. Doyle
Dylan Smith
Kirk Watkins
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
ddoyle@freeborn.com
dsmith@freeborn.com
kwatkins@freeborn.com

*Counsel for Defendant*
*Trading Technologies International, Inc.*

10